IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-109-D

| | |
|---|---|
| MARLENE HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the parties' cross-motions for Judgment on the Pleadings. (DE's-29, 32). The time for the parties to file any responses or replies has expired and those motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-34). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-29) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-32) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on May 22, 2009, alleging that she became disabled on May 1, 2003. (Tr. 11). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated

1

February 25, 2010. *Id.* at 11-17. On March 23, 2011, the Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on June 6, 2011. (DE-5).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g)

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453,

1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–440 (4th Cir. 1997).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

Plaintiff was insured for DIB through December 31, 2008. (Tr. 11). A person must be insured for DIB in order to be eligible for such benefits. 42 U.S.C. § 423(a)(1). *See also*, 20 C.F.R. § 404.315. Therefore, the inquiry is whether substantial evidence supports the ALJ's finding that Plaintiff's impairments were not disabling on or before December 31, 2008.

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity from May 1, 2003 through December 31,

2008. (Tr. 13). At step two, the ALJ found that Plaintiff suffered from a single severe impairment, asthma. *Id.* Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of medium work. *Id.* at 14. Based on this finding, the ALJ determined that Plaintiff was unable to perform her past relevant work. *Id.* at 15. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 16-17. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period. *Id.*

In reaching these conclusions, the ALJ makes no mention of Plaintiff's hypertension and depression. This failure is notable because the medical record indicates several times that Plaintiff has a history of hypertension. *Id.* at 279, 293-365, 377, 389. Likewise, Plaintiff was diagnosed on several occasions with depression. *Id.* at 274, 275, 310, 312, 393. The ALJ's failure to make any mention of these conditions in his decision merits remand.

"Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)). The ALJ's failure to discuss Plaintiff's

4

hypertension and depression makes review of his decision impossible. Moreover, Plaintiff's failure to list these impairments as a basis for her disability on her application forms is not dispositive, because the ALJ is required to consider any impairments about which he receives evidence. 20 C.F.R. §§ 404.1512(a) and 416.912(a). *See also*, Smith v. Astrue, 2011 WL 3880939, * 4 (W.D.Va. August 31, 2011); Nicholson v. Commissioner of Social Security Administration, 600 F. Supp. 2d 740, 785-786 (N.D.W.Va. February 27, 2009). Defendant has clearly received ample evidence addressing Plaintiff's hypertension and depression.

Furthermore, when a claimant has more than one impairment the ALJ must consider the combined effect of these impairments in determining a plaintiff's disability status. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Whether or not the impairments are found to be severe, the ALJ must consider the severe and nonsevere complaints and impairments in combination in determining the Plaintiff's disability. Mazyck v. Astrue, 2012 WL 315648 (D.S.C. February 1, 2012). Furthermore, "[a]s a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50.

It "is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity.... [T]he [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them." Walker, 889 F.2d at 50 *(citing* Reichenbach v. Heckler, 808 F.2d 309 (4th Cir. 1985)). Here, the ALJ considered only the Plaintiff's asthma and did not consider a combination of the Plaintiff's impairments. The ALJ failed to even mention Plaintiff's other impairments, thereby violating 20 C.F.R. § 404.1523, which states in pertinent part:

> Multiple Impairments. In determining whether your physical or mental

5

impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

*Id*. *See also*, Fleming v. Barnhart, 284 F.Supp.2d 256, 270 (D.Md. 2003) (holding "[t]he ALJ is required to assess the combined effect of a claimant's impairments throughout the five-step analytical process.").

Accordingly, this case should be remanded for an ALJ to consider Plaintiff's severe and non-severe impairments in combination.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-29) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-32) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, July 03, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE