IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-109-D

| | | |
|---|---|---|
| MARLENE HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On July 3, 2012, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 35]. In that M&R, Judge Webb recommended that the court grant Marlene Hicks's ("Hicks" or "plaintiff") motion for judgment on the pleadings [D.E. 29], deny Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 32], and remand the case to the Commissioner for further proceedings consistent with the M&R. On July 13, 2012, the Commissioner filed an objection to the M&R [D.E. 36]. Hicks did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the Commissioner's objection. As for those portions of the M&R to which the Commissioner made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which the Commissioner objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court has reviewed the record, the M&R, and the objection de novo. The objection simply rehashes the arguments addressed in the M&R concerning whether the ALJ erred in failing to address Hicks's hypertension and depression. The court cannot add to Magistrate Judge Webb's analysis. Moreover, the remand (of course) does not dictate any particular result. Rather, the ALJ

simply needs to discuss and analyze the issues concerning hypertension and depression. The court OVERRULES the objection [D.E. 36], and adopts the M&R [D.E. 35]. Accordingly, Hicks's motion for judgment on the pleadings [D.E. 29] is GRANTED, the Commissioner's motion for judgment on the pleadings [D.E. 32] is DENIED, and the court REMANDS the case to the Commissioner for further proceedings consistent with the M&R [D.E. 35] and with this order.

SO ORDERED. This 10 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge